**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT ANGEL MENDOZA,<br><br>                                    Petitioner,<br><br>v.<br><br>M. POLLARD, Warden,<br><br>                                    Respondent. | Case No.: 3:20-cv-00847-GPC-RBB<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT [ECF No. 2] AND**<br><br>**(2) REQUIRING RESPONSE TO PETITION (28 U.S.C. § 2254)** |

     Robert Angel Mendoza ("Petitioner"), a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and paid the $5.00 filing fee. (ECF No. 1.)  Petitioner has filed an application to proceed in forma pauperis. (ECF No. 2.)  Because Petitioner has paid the filing fee, the Petitioner's application to proceed in forma pauperis is **DENIED** as moot.  Furthermore, in accordance with Rule 4 of the rules governing petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and upon a preliminary review of the Petition, **IT IS ORDERED** that:

     1.    The Clerk of this Court must promptly (a) serve a copy of the Petition and a copy of this Order on the Attorney General for the State of California, or his authorized agent; and (b) serve a copy of this Order on Petitioner.

2. Respondent must file a "Notice of Appearance" no later than **June 2, 2020**.

3. If Respondent contends the Petition can be decided without the Court's reaching the merits of Petitioner's claims (e.g., because Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, or that the Petition is barred by the statute of limitations, or that the Petition is subject to dismissal under Rule 9 of the Rules Governing § 2254 Cases, or that all of the claims are procedurally defaulted, or that Petitioner is not in custody), Respondent must file a motion to dismiss pursuant to Rule 4 of the Rules Governing § 2254 Cases no later than **August 3, 2020**. The motion to dismiss must not address the merits of Petitioner's claims, but rather must address <u>all</u> grounds upon which Respondent contends dismissal without reaching the merits of Petitioner's claims is warranted.[1] At the time the motion to dismiss is filed, Respondent must lodge with the Court all records bearing on Respondent's contention in this regard. A hearing date is <u>not</u> required for the motion to dismiss.

4. If Respondent files a motion to dismiss, Petitioner must file his opposition, if any, to the motion no later than **September 2, 2020**. At the time the opposition is filed, Petitioner must lodge with the Court any records not lodged by Respondent which Petitioner believes may be relevant to the Court's determination of the motion.

5. Unless the Court orders otherwise, Respondent must not file a reply to Petitioner's opposition to a motion to dismiss. If the motion is denied, the Court will afford Respondent adequate time to respond to Petitioner's claims on the merits.

6. If Respondent does not contend that the Petition can be decided without the Court reaching the merits of Petitioner's claims, Respondent must file and serve an answer to the Petition, <u>and a memorandum of points and authorities in support of such</u>

---

[1] If Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, the motion to dismiss must also specify the state remedies still available to Petitioner.

answer, pursuant to Rule 5 of the Rules Governing § 2254 Cases no later than **August 3, 2020**.  At the time the answer is filed, Respondent must lodge with the Court all records bearing on the merits of Petitioner's claims.  The lodgments must be accompanied by a notice of lodgment which must be captioned "**Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's Office**."  Respondent must not combine separate pleadings, orders or other items into a combined lodgment entry.  Each item must be numbered separately and sequentially.

7.   Petitioner may file a traverse to matters raised in the answer no later than **September 2, 2020**.  Any traverse by Petitioner (a) must state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) must be limited to facts or arguments responsive to matters raised in the answer; and (c) must not raise new grounds for relief that were not asserted in the Petition.  Grounds for relief withheld until the traverse will not be considered.  No traverse can exceed ten (10) pages in length absent advance leave of Court for good cause shown.

8.   A request by a party for an extension of time within which to file any of the pleadings required by this Order must be made at least seven (7) days in advance of the due date of the pleading, and the Court will grant such a request only upon a showing of good cause.  Any such request must be accompanied by a declaration under penalty of perjury explaining why an extension of time is necessary.

9.   Unless otherwise ordered by the Court, this case will be deemed submitted on the day following the date Petitioner's opposition to a motion to dismiss and/or his traverse is due.

10.   Every document delivered to the Court must include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel).  Any document delivered to the Court without a certificate of service will be returned to the submitting party and will be disregarded by the Court.

/ / /

11. Petitioner must immediately notify the Court and counsel for Respondent of any change of Petitioner's address. If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute.

**IT IS SO ORDERED.**

Dated: May 19, 2020

*[Signature: Ruben Brooks]*

Hon. Ruben B. Brooks
United States Magistrate Judge

4

3:20-cv-00847-GPC-RBB