UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. MENDOZA,<br><br>                              Petitioner,<br><br>MARCUS POLLARD, Warden,<br><br>                              Respondent. | Case No.: 3:20-cv-0847-GPC-RBB<br><br>**ORDER OVERRULING PETITIONER'S OBJECTION TO MAGISTRATE JUDGE'S ORDER GRANTING RESPONDENT LEAVE TO FILE A LATE RESPONSE AND DENYING PETITIONER'S MOTION TO STRIKE**<br>**[Dkt. No. 15.]** |

On May 5, 2020, Petitioner Robert A. Mendoza ("Petitioner"), a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) On May 19, 2020, the Magistrate Judge issued an order directing Respondent to file a "Notice of Appearance" no later than June 2, 2020 and set deadlines for the Respondent to file a motion to dismiss by August 3, 2020 or if a motion to dismiss is not filed a deadline to file an answer by August 3, 2020. (Dkt. No. 3.) The order further stated that "[a] request by a party for an extension of time within which to file any of the pleadings required by this Order must be made at least seven (7) days in advance of the due date of the pleading, and the Court will grant such a request only upon a showing of good cause. Any such request must be accompanied by a declaration under

penalty of perjury explaining why an extension of time is necessary." (*Id.* at 3.)

On June 25, 2020, Petitioner filed a letter with the Court noting that Respondent had not yet filed a notice of appearance as directed in the Court's order. (Dkt. No. 5.) Then, on August 10, 2020, Petitioner filed a motion to strike any late responses by Respondent noting that Respondent had failed to file a notice of appearance as directed by the Court's order and failed to file a response to the petition. (Dkt. No. 7.)

On August 20, 2020, Respondent's attorney filed a notice of appearance as well as a motion for leave to file a late response. (Dkt. Nos. 8, 9.) In the motion for leave to file a late response, counsel explained that its Docketing Unit staff erroneously logged the scheduling order and it was never assigned to the appropriate department. (Dkt. No. 9.)

On August 24, 2020, the Magistrate Judge issued an order granting Respondent's motion for leave to file a late response for good cause and denying Petitioner's motion to strike. (Dkt. No. 10.) On September 3, 2020, Petitioner timely filed an Objection to the Magistrate Judge's order. He argues that because Respondent failed to timely file a notice of appearance as well as timely respond to the petition, it waived arguments to respond to the petition.

When a party timely objects to a magistrate judge's determination of a nondispositive matter, a district judge may reject that ruling only when it has been shown that the magistrate judge's order is either "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a).

Federal Rule of Civil Procedure 6(b) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). "This rule, like all the Federal Rules of Civil Procedure, is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (citations, internal quotation marks, and modifications omitted). A "determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1)

the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv Servs.*, 507 U.S. at 392.

Here, Petitioner has not asserted any prejudice from Respondent's late response and the length of delay was not lengthy, about three weeks. Respondent explained that the delay was due to an error by its Docketing Unit staff and not intentional, and there is no evidence of bad faith. The Court disagrees with Petitioner that the Respondent waives defenses or arguments to respond to a petition by seeking leave of court to file a late response. The Court finds that Respondent has demonstrated excusable neglect for its delayed filing and exercises its discretion and OVERRULES Petitioner's objection to the Magistrate Judge's order.

**IT IS SO ORDERED.**

Dated: September 23, 2020

Hon. Gonzalo P. Curiel
United States District Judge