UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. MENDOZA,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>M. POLLARD, Warden,<br><br>　　　　　　　　Respondent. | Case No.:  20cv0847-GPC(RBB)<br><br>**REPORT AND RECOMMENDATION RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS [ECF NO. 16] AND MOTION FOR PARTIAL SUMMARY JUDGMENT [ECF NO. 12]** |

　　　　In 2016, a jury convicted Petitioner Roberto Angel Mendoza ("Petitioner")[1] of two counts of oral copulation with a child ten years of age or younger in violation of California Penal Code section 288.7(b), two counts of sexual penetration with a child ten years of age or younger in violation of Penal Code section 288.7(b), and nine counts of lewd acts with a child in violation of Penal Code section 288(a).  (See Not. Lodgment Attach. #1, People v. Mendoza, SCS276250, clerk's tr. at 187-99, ECF No. 17; see also

---

[1] Petitioner's trial court proceedings were conducted in the name of "Roberto Angel Mendoza" and his state habeas proceedings in the name of "Robert A. Mendoza."  (See Not. Lodgment Attachs. #1-4 (referring to "Roberto Angel Mendoza") and #5-7, #9, #11 (reflecting the name "Robert A. Mendoza"), ECF No. 17.)  Petitioner refers to himself as "Robert A. Mendoza" in the current proceedings.  (See Pet. 1, ECF No. 1.)

1

id. Attach. #2, People v. Mendoza, D070079, order at 2 (Cal. Ct. App. Feb. 28, 2017).)[2] Petitioner has filed a Petition for Writ of Habeas Corpus and First Amended Petition for Writ of Habeas Corpus [ECF Nos. 1, 25] (collectively referred to as "petition" unless otherwise specified).  Respondent Marcus Pollard, Acting Warden of the Richard J. Donovan Correctional Facility ("Respondent"), has filed a Motion to Dismiss the Petition on the ground that it was untimely filed [ECF No. 16].  Mendoza opposes the motion arguing, among other things, that he is entitled to statutory and equitable tolling [ECF No. 26].  Additionally, prior to the filing of Respondent's Motion to Dismiss, Mendoza filed a Petitioner's Motion for Partial Summary Judgment [ECF No. 12], which is opposed by Respondent [ECF No. 18].  For the reasons set forth below, the Court recommends that Respondent's Motion to Dismiss be **GRANTED**, Petitioner's Motion for Partial Summary Judgment be **DENIED**, and the Petition be **DISMISSED WITH PREJUDICE**.

## I.   BACKGROUND

A felony complaint was filed against Petitioner on December 8, 2014.  (See Not. Lodgment Attach. #1, People v. Mendoza, SCS276250, clerk's tr. at 5-8, ECF No. 17.) An amended information filed on January 11, 2016, charged Petitioner with two counts of oral copulation with a child ten years old or younger in violation of Penal Code section 288.7(b), two counts of sexual penetration with a child ten years old or younger in violation of Penal Code section 288.7(b), and nine counts of lewd acts upon a child in violation of Penal Code section 288(a), six of which included special allegations of substantial sexual conduct with a child under fourteen years of age under Penal Code section 1203.066(a)(8).  (Id. at 13-18.)  The jury trial commenced on January 11, 2016. (Id. at 174-76.)  On January 20, 2016, the jury found Mendoza guilty on all counts and

---

[2] The Court cites to documents as paginated on the Court's case management electronic case filing system.

found all special allegations true.  (Id. at 187-99.)  The trial court sentenced him to thirty years to life.  (Id. at 201.)

Petitioner appealed to the California Court of Appeal.  (Id. Attach. #2, People v. Mendoza, D070079, order at 1 (Cal. Ct. App. Feb. 28, 2017).)  On February 28, 2017, the appellate court remanded with directions to amend the abstract of judgment but affirmed the convictions and sentence in all other respects.  (Id. at 1-3.)  Mendoza filed a petition for review with the California Supreme Court, (see id. Attach. #3, People v. Mendoza, (Cal. filed Mar. 28, 2017)), which was denied without comment on May 10, 2017, (see id. Attach. #4, People v. Mendoza, S240975, order at 1 (Cal. May 10, 2017)).

On July 12, 2019, Petitioner filed a petition for writ of habeas corpus with the San Diego Superior Court.  (Id. Attach. #5, Mendoza v. State of California, HSC 11731 (Cal. Super. Ct. filed July 12, 2019).)[3]  A duplicate of his petition was filed with the same case number on July 15, 2019.  (Id. Attach. #6, Mendoza v. State of California, HSC 11731 (Cal. Super. Ct. filed July 15, 2019), at 4-32.)  Mendoza filed a third copy of his state habeas petition, which was not assigned a case number, on August 15, 2019.  (Id. Attach. #7, Mendoza v. State of California (Cal. Super. Ct. filed Aug. 15, 2019).)  On August 20, 2019, his habeas petition was denied.  (Id. Attach. #8, In re Mendoza, HSC 11731, order at 1-3 (Cal. Super. Ct. Aug. 20, 2019).)  On or around September 29, 2019, Petitioner submitted a habeas petition to the California Court of Appeal.  (Id. Attach. #9, In re Mendoza, D076614 (Cal. Ct. App. signed Sept. 29, 2019).)  The court of appeal denied the petition as untimely and for other procedural reasons on October 8, 2019.  (Id. Attach. #10, Mendoza on H.C., D076614, order at 1-3 (Cal. Ct. App. Oct. 8, 2019).)  Mendoza then filed a petition for writ of habeas corpus in the California Supreme Court on

---

[3] In a letter to the Superior Court dated June 30, 2019, Petitioner requested a ruling on a habeas petition that he stated had been submitted on April 14, 2019.  (Not. Lodgment Attach. #6, Letter from Petitioner to San Diego Superior Court Clerk (June 30, 2019), at 1, ECF No. 17.)  There is no evidence in the record, however, that the Superior Court received a habeas petition prior to the petition filed on July 12, 2019.

November 7, 2019, (see id. Attach. #11, Mendoza v. People, S259037 (Cal. filed Nov. 7, 2019)), which was denied without comment on April 1, 2020, (see id. Attach. #12, Mendoza (Robert A.) on H.C., S259037 (Cal. Apr. 1, 2020) California Courts, Appellate Courts Case Information https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2303006&doc_no=S259037&request_token=NiIwLSEmXkg%2BWyBBSCNdUExIMEw0UDxTJiBORzlSQCAgCg%3D%3D (visited Jan. 4, 2021)); see also Pet. 99, ECF No. 1).

On May 1, 2020, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court, (see Pet. 1, 66, ECF No. 1),[4] in which he set forth four claims. The First Amended Petition, which asserts the same four grounds for relief as the original petition, was filed on October 9, 2020 [ECF No. 25]. Mendoza alleges that (1) his trial and appellate counsel were ineffective, (see id. at 51-55); (2) California Penal Code sections 288(a) and 288.7 are vague and overbroad, it was erroneous for the trial court to instruct the jury with California Criminal Jury Instruction ("CALCRIM") No. 1100, and he was improperly punished as a violent felon under Penal Code section 667.5, (see id. at 56-70); (3) the prosecution was vindictive, (see id. at 71-72); and (4) his restitution is unconstitutional because he does not have the ability to pay it, (see id. at 73). Mendoza submitted a Motion for Partial Summary Judgment as to the claims set forth in Ground 2 of his Petition; the motion was filed nunc pro tunc to August 28, 2020 [ECF No. 12]. On September 21, 2020, Respondent filed a motion to dismiss the petition as untimely and an opposition to Petitioner's motion for partial summary judgment [ECF No. 16-18].[5] On September 22, 2020, the Court received Petitioner's motion for leave to

---

[4] See Houston v. Lack, 487 U.S. 266, 270-71 (1988) (holding that a pro se prisoner's court documents are deemed filed at the moment of delivery to prison officials for forwarding to the court because the prisoner is unable to control the time of receipt by the court); see also Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

[5] On August 24, 2020, this Court issued an order granting Respondent's motion for leave to file a late response to the petition and denying Petitioner's ex parte motion to strike any late response from

file a First Amended Petition, which was filed nunc pro tunc to September 17, 2020 [ECF No. 20]. Respondent filed a notice of non-opposition to the motion and a request to have his motion to dismiss applied to the First Amended Petition on October 7, 2020 [ECF No. 23]. On October 15 and 21, 2020, Mendoza filed an opposition to Respondent's motion to dismiss and a reply brief in support of his motion for partial summary judgment, respectively [ECF Nos. 26-27].

## II.   DISCUSSION

### A.   Respondent's Motion to Dismiss

#### 1.   Statute of limitations under AEDPA

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies a one-year statute of limitations to federal habeas corpus petitions filed by state prisoners. See 28 U.S.C.A. § 2244(d)(1) (West 2006); Smith v. Davis, 953 F.3d 582, 588 (9th Cir. 2020); Moses v. Payne, 555 F.3d 742, 750-51 (9th Cir. 2009) (stating that AEDPA governs federal habeas petitions filed after April 24, 1996). Pursuant to 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

Respondent [ECF No. 10]. The Honorable Gonzalo P. Curiel overruled Petitioner's objection to this order on September 23, 2020 [ECF No. 22].

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D).

Here, the Petition does not set forth any facts or arguments suggesting that the grounds identified in § 2244(d)(1)(B)-(D) are applicable. The statute of limitations thus began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). The conclusion of direct review of Petitioner's conviction occurred on May 10, 2017, when the California Supreme Court denied the petition for review. (See Not. Lodgment Attach. #4, People v. Mendoza, S240975, order at 1 (Cal. May 10, 2017).) Adding the ninety days within which a petition for a writ of certiorari with the United States Supreme Court may be filed, the date on which Petitioner's conviction became final was August 8, 2017. Bowen v. Roe, 188 F.3d 1157, 1159-60 (9th Cir. 1999); Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). Mendoza had until one year later, August 8, 2018, to file his federal habeas petition. 28 U.S.C. § 2244(d)(1); Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). He, however, did not file his federal habeas petition until May 1, 2020, almost two years after the limitations period expired. (Pet. 1, 66, ECF No. 1.) Absent grounds for statutory or equitable tolling, the petition is time-barred.

### 2. Statutory tolling

AEDPA tolls its one-year limitations period for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). In Waldrip v. Hall, 548 F.3d 729 (9th Cir. 2008), the Ninth Circuit stated:

> An application for post-conviction review is pending while a California petitioner completes a full round of state collateral review, including during the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law. In California, a state prisoner may seek review of an adverse lower court decision by filing an original petition (rather than a notice of appeal) in the higher court, and that petition is timely

> if filed within a reasonable time. Thus, in California, as long as the prisoner filed a petition for appellate review within a reasonable time, he could count as pending (and add to the one-year time limit) the days between (1) the time the lower state court reached an adverse decision, and (2) the day he filed a petition in the higher state court.

Id. at 734 (citing Evans v. Chavis, 546 U.S. 189, 191-93 (2006)) (internal quotations and emphasis omitted). The statute of limitations under AEDPA, however, "is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), overruled on other grounds by Carey v. Saffold, 536 U.S. 214, 225-27 (2002); see also Rasberry v. Garcia, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006).

Petitioner filed his first state habeas petition on July 12, 2019. (Not. Lodgment Attach. #5, Mendoza v. State of California, HSC 11731 (Cal. Super. Ct. filed July 12, 2019).) This was well after the AEDPA limitations period expired on August 8, 2018. As Respondent observes, (see Mot. Dismiss 4-5, ECF No. 16), a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (stating that filing a state habeas petition after AEDPA's one-year limitations period has elapsed bars federal habeas review).

Notwithstanding these authorities, Petitioner contends that a recent decision, Robinson v. Lewis, 9 Cal. 5th 883, 266 Cal. Rptr. 3d 13, 469 P. 3d 414 (2020), entitles him to statutory tolling. (Pet'r's Resp. 4-7, ECF No. 26.) In Robinson, the California Supreme Court, addressing the issue of how California courts treat the time gap between state habeas petitions, explained that a delay of up to 120 days between a lower court's denial of a habeas petition and the filing of a habeas petition in a higher court is presumptively reasonable. Robinson, 9 Cal. 5th at 891, 255 Cal. Rptr. 3d at 16, 469 P. 3d

at 417. Gap tolling, however, is not a consideration in a case such as Petitioner's in which the first state habeas petition was filed after the expiration of the federal statute of limitations under AEDPA. See Ferguson, 321 F.3d at 823; Davis v. Johnson, 359 F. Supp. 3d 831, 862 (2019) ("[O]nce the federal statute of limitations has run, a newly filed state petition does not reset the clock.") The Ninth Circuit's decision in Trigueros v. Adams, 658 F.3d 983 (9th Cir. 2011), also relied upon by Petitioner, is similarly unavailing. There, the court concluded that the California Supreme Court had determined the petitioner's habeas petition was timely filed, which entitled the petitioner to statutory tolling of AEDPA's statute of limitations. (See id. at 989.) Trigueros is distinguishable because unlike here, Trigueros had filed his first state habeas petition prior to the expiration of the one-year federal statute of limitations. (Id. at 986.) The timeliness of a petitioner's state habeas petitions under state standards is not a relevant factor in determining whether statutory tolling applies when the first state habeas petition was filed after the expiration of AEDPA's limitations period. See Ferguson, 321 F.3d at 823.

The Court finds that Mendoza is not entitled to any statutory tolling.[6]

### 3. Equitable tolling

The one-year statute of limitations under AEDPA is also subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 634 (2010). A petitioner seeking equitable tolling bears the burden of establishing two elements: "'(1) that he has been pursuing his

---

[6] Petitioner contends that he filed his first state habeas petition on April 14, 2019, not July 12, 2019. (See First. Am. Pet. 46, ECF No. 25.) As set forth above, there is no evidence in the record that the San Diego Superior Court received a habeas petition on or around April 14, 2019. In any event, even if Mendoza had filed a petition on April 14, 2019, this filing would still have occurred after the AEDPA one-year limitations period had run on August 8, 2018, and would not entitle him to statutory tolling. Moreover, a petitioner is only entitled to statutory tolling for "properly filed" petitions. See Pace v. DiGuglielmo, 544 U.S. 408, 413-14 (2005). The petition filed in the California Court of Appeal was denied as untimely and for other procedural reasons. (Not. Lodgment Attach. #10, Mendoza on H.C., D076614, order at 1-3 (Cal. Ct. App. Oct. 8, 2019).) Thus, this petition was not "properly filed" and would not have tolled the limitations period even if Mendoza's first state habeas petition had been filed prior to the expiration of the AEDPA statute of limitations. See Pace, 544 U.S. at 414 ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).")

rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace, 544 U.S. at 418). The diligence required for equitable tolling is "reasonable diligence." Holland, 560 U.S. at 653. The petitioner "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." Smith, 953 F.3d at 598-99. A petitioner must also demonstrate that "extraordinary circumstances were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). Equitable tolling is available only if some "external force" beyond the petitioner's direct control caused the untimeliness. Velasquez v. Kirkland, 639 F.3d 964, 969 (9th Cir. 2011); see also Sossa v. Diaz, 729 F.3d 1225, 1229 (9th Cir. 2013) ("[E]quitable tolling is available only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of the prisoner's untimeliness."). Equitable tolling is unavailable in most cases, and "the threshold necessary to trigger equitable tolling . . . is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).

Petitioner seeks the application of equitable tolling for a period of 248 days, the amount of time by which he calculates his federal habeas petition was untimely. (First Am. Pet. 46-47, ECF No. 25.) He explains that he entered the California Department of Corrections and Rehabilitation ("CDCR") on or about March 12, 2016, at the California Institution for Men in Chino, California. (Id. at 39.) He was classified as a sex offender with an "R" designation and placed into protective custody as a Level 4 Sensitive Needs Prisoner. (Id.) On or about July 1, 2016, he was transferred to Calipatria State Prison, where he retained the same classification. (Id.) In May 2017, Mendoza received notice from his state appointed appellate counsel that the petition for review of his direct appeal before the California Supreme Court had been denied, and that a federal habeas corpus petition would need to be filed by August 8, 2018. (Id. at 40; see also id. Ex. 2 [Letter from Doris M. LeRoy, attorney for Mendoza, to Petitioner (May 16, 2017)], at 102-03.)

Petitioner requested that his appellate counsel send his legal files and court transcripts to his family in San Diego because he feared the discovery by other inmates that he was a child sex offender, which would result in him being "assaulted . . . , sexually abused, enslaved, or killed." (Id. at 40.) To support this assertion, Petitioner refers to an excerpt from a report by the Office of the Inspector General entitled "2015 Special Review: High Desert State Prison." (See id. Ex. 1, at 97-101.) According to this report, "inmates are [commonly] told by other inmates to show their paperwork, which includes the inmate's commitment offense." (Id. at 98.) Having a "R" suffix, signifying restricted custody, "carries a major stigma in prison and can jeopardize an inmate's safety by setting the inmate up for assault or extortion for protection from assault." (Id.) Petitioner claims, "[Every day] was a day of hell filled with fear of being discovered and assaulted or raped or sold, or killed by someone in the prison who was hunting [sex offenders] for sport." (Id. at 42, citing id. at 89-91 [Ambrocio Decl. (Feb. 29, 2020)].)

On or about May 4, 2018, Mendoza was transferred to his current place of incarceration, the Richard J. Donovan Correctional Facility in San Diego, California, where he remained a Sensitive Needs Prisoner and was housed in B-Yard. (Id. at 40.) Petitioner contends that B-Yard does not have a law library facility, and he was not provided any information about how to find a law library nor how to obtain legal assistance. (Id.) Mendoza states, "[E]ven if there had been some other inmate to assist him with his legal enigmas, he did not dare to avail himself of them because of the stigma attached to his sexual offenses in California's prison system." (Id. at 41.) In March 2019, Petitioner, at his wife's urging, consulted with a well-known "jailhouse lawyer" regarding filing a bankruptcy petition to stop his former creditors from seeking remittance from his wife. (Id. at 43.) Petitioner revealed his conviction history to the jailhouse lawyer after the latter offered to help him seek collateral review in state court. (Id. at 44.) The jailhouse lawyer provided Petitioner with a forged classification document showing that Mendoza was a "three-strikes burglary lifer" instead of a child

sex offender. (Id.) Petitioner claims that on April 14, 2019, he commenced state habeas review by filing a petition. (Id. at 46.)

Petitioner asserts that the fear that his sex offender status would be discovered, the absence of a law library facility at Donovan's B-Yard, and the lack of legal assistance provided by the CDCR constituted "extraordinary circumstances" preventing him from filing a timely federal habeas petition. (Id. at 40-41, 43; Pet'r's Resp. 10, ECF No. 10.) He claims that it was not possible to initiate collateral review until he consulted with his jailhouse lawyer in March 2019. (First Am. Pet. 49, ECF No. 25.) Mendoza does not contend that he is entitled to any equitable tolling for the period of time he was incarcerated at Calipatria, until on or around May 4, 2018, (see Pet'r's Resp. 10, ECF No. 10), but seeks equitable tolling for what he calculates as the 248-day period between the expiration of the federal statute of limitations, August 8, 2018, to April 14, 2019, the date he states he filed his first state habeas petition.[7] Respondent argues that Petitioner has failed to establish either of the elements required for equitable tolling. (Mot. Dismiss 5-7, ECF No. 16.)

### a. Reasonable diligence

The reasonable diligence requirement primarily concerns whether the petitioner was "diligent in his efforts to pursue his appeal at the time his efforts were being thwarted." Gibbs v. Legrand, 767 F.3d 879, 893 (9th Cir. 2014) (emphasis omitted). "In other words, diligence during the existence of an extraordinary circumstance is the key consideration." Id. Petitioner claims that the fear that his sex offender status would be discovered, the lack of an accessible law library, and the unavailability of legal assistance prevented him from filing a federal habeas petition by the AEDPA deadline. But by his own account, he was not diligent in pursuing habeas relief during the period of these

---

[7] The period between August 8, 2018, and April 14, 2019, is actually 249 days. Also, as discussed above, the record before the Court indicates that Petitioner's first state habeas petition was filed on July 12, 2019, not April 14, 2019. These discrepancies, however, have no bearing on the Court's analysis of this matter.

purported extraordinary circumstances. After he was informed in May 2017 that direct review of his conviction had concluded, he chose to have his appellate counsel send his legal materials to his family, rather than to him, despite having been informed by his appellate counsel that any federal habeas petition would need to be filed by August 8, 2018. Mendoza does not appear to have made any effort to pursue collateral review until he consulted with a jailhouse lawyer in March 2019, well after the AEDPA deadline expired, and he acknowledges that he did not seek legal assistance during this entire period due to the fear that his sex offender status would be discovered. (See First Am. Pet. 41, ECF No. 25.) The statute of limitations under AEDPA "does not contain any exceptions for people convicted of sex offenses who are, understandably, reluctant to discuss their cases with other prisoners. The bottom line is that Petitioner's decision to remain silent about his case . . . demonstrates a lack of diligence and precludes a finding of diligence." Zavala v. Diaz, No. SA CV 12-1002-DSF(PJW), 2013 WL 440638, at *3 (C.D. Cal. Jan. 25, 2013). Petitioner's failure to diligently pursue federal habeas relief within the one-year statutory period was the result of Mendoza's decision to hide the nature of his conviction and was not the result of the lack of a library facility or legal assistance.

### b. Extraordinary circumstances

Numerous district courts have found that the fact that a petitioner is a sex offender does not constitute an "extraordinary circumstance" beyond the petitioner's control. See, e.g., Kelley v. Lizarraga, No. 2:17-cv-1401 MCE KJN P, 2018 WL 1693384, at *5-6 (E.D. Cal. Apr. 6, 2018) (declining to consider petitioner's sex offender status an "extraordinary circumstance"); Martinez v. Sullivan, Case No.: CV 16-09128-ODW (JDE), 2017 WL 4220434, at *5 (C.D. Cal. Aug. 11, 2017) ("Petitioner's difficulty in researching his claims and obtaining assistance due to his sex offender status do not constitute extraordinary circumstances beyond his control."); Smith v. Small, No. 10-CV-2429 LAB (CAB), 2011 WL 5513227, at *3 (S.D. Cal. Nov. 10, 2011) (finding petitioner's alleged need to conceal his sex offender status from fellow inmates did not

provide basis for equitable tolling); Barberg v. Quinn, No. C06-845P, 2007 WL 641850, at *1 (W.D. Wash. Feb. 23, 2007) (explaining "nor does the Court regard Plaintiff's asserted fears about going to the prison law library or bringing his court papers to prison as 'extraordinary circumstances' to justify his delay in filing this petition"). The Court is persuaded by these authorities that Petitioner's desire to conceal his sex offender status does not constitute an extraordinary circumstance warranting the application of equitable tolling.

Mendoza's arguments that the lack of a law library in his prison yard and the unavailability of legal assistance were "extraordinary circumstances" are also without merit. The lack of access to library materials does not automatically qualify as an "extraordinary circumstance"; rather, the inquiry is highly fact-specific. Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001). In other words, a petitioner cannot rest upon the unavailability of a library alone to satisfy the "extraordinary circumstances" element. He must establish the requisite causal connection between the alleged extraordinary circumstances and his failure to file a timely petition. See Spitsyn, 345 F.3d at 799; see also Williams v. Dexter, 649 F. Supp. 2d 1055, 1062 (C.D. Cal. 2009) (finding petitioner not entitled to equitable tolling due to limited law library access in the absence of evidence and proof that limited access caused his tardy filing). Here, Mendoza has failed to show why the alleged absence of a library in his prison yard made it impossible for him to timely file his habeas petition. Likewise, the inability to obtain legal assistance is not an "extraordinary circumstance." It is well-established that neither the lack of legal sophistication nor the lack of legal assistance constitutes an "extraordinary circumstance" entitling petitioner to any equitable tolling of the limitation period. See Rasberry, 448 F.3d at 1154 (joining other circuits in holding that a pro se petitioner's claim of ignorance of the law does not constitute an extraordinary circumstance warranting equitable tolling); Bolds v. Newland, No. C 97-2103 VRW (PR), 1997 WL 732529, at *2 (N.D. Cal. Nov. 12, 1997) ("Ignorance of the law and lack of legal assistance do not constitute such extraordinary circumstances."); Turner v.

Holland, Case No. EDCV 15-0004-VAP (KES), 2015 WL 9813557, at *11 (C.D. Cal. Dec. 14, 2015) (citing cases).

Petitioner has not met his burden of demonstrating either diligence or extraordinariness, so AEDPA's statute of limitations should not be equitably tolled in his case. The Petition was not filed within AEDPA's one-year limitations period and is therefore time-barred. The Court accordingly recommends that Respondent's Motion to Dismiss be **GRANTED** and the Petition be **DISMISSED WITH PREJUDICE**. See Jiminez, 276 F.3d at 481-83.

### B.      Petitioner's Motion for Partial Summary Judgment

Petitioner seeks partial summary judgment on ground two of his Petition. (Pet'r's Br. Supp. Summ. J. 3, ECF No. 12.) He argues that "there is no genuine dispute as to any material fact" due to Respondent's "refus[al] to answer or otherwise" respond to the Court's Order Requiring Response to Petition dated May 19, 2020, and requests that the Court find that Respondent has "waived or forfeited all of the procedural defenses suggested to it by this Court in its [Order]." (Id. at 8, referring to May 19, 2020 Order, ECF No. 3.) Respondent contends that Mendoza's motion is more accurately characterized as a motion for default judgment as Petitioner is effectively asking the Court to find Respondent in default for his failure to comply with the Court's original scheduling order. (Opp'n 1-2, ECF No. 18.) Respondent also argues that summary judgment "should be unavailable as a procedural vehicle in this case." (Id. at 2.)

#### 1.      Background

On May 19, 2020, the Court directed Respondent to file a response to the Petition no later than August 3, 2020 [ECF No. 3]. Respondent did not do so. Petitioner submitted an ex parte motion to strike any late response from Respondent that was filed nunc pro tunc to August 3, 2020 [ECF No. 7]. On August 20, 2020, Respondent filed a motion for permission to file a late response to Mendoza's Petition in which he explained that this case was not assigned to the Attorney General's Federal Habeas Corpus Team due to clerical error and requested thirty days to file a response to the petition [ECF No.

9]. On August 24, 2020, this Court issued an order granting Respondent's motion for leave to file a late response to the petition and denying Petitioner's ex parte motion to strike any late response from Respondent [ECF No. 10]. The order required Respondent to file a motion to dismiss or answer to the petition by September 21, 2020. (Id.) Mendoza filed an objection to the order [ECF No. 15]. The Honorable Gonzalo P. Curiel overruled Petitioner's objection on September 23, 2020 [ECF No. 22]. Judge Curiel's order states, in relevant part,

> The Court disagrees with Petitioner that the Respondent waives defenses or arguments to respond to a petition by seeking leave of court to file a late response. The Court finds that Respondent has demonstrated excusable neglect for its delayed filing and exercises its discretion and OVERRULES Petitioner's objection to the Magistrate Judge's order.

(Order 3, Sept. 23, 2020, ECF No. 22; see also Fed. R. Civ. P. 6(b)(1)(B) (permitting court to grant an untimely motion to extend a deadline if the failure to file a timely motion was due to excusable neglect).)

**2.   Discussion**

The Court agrees with Respondent that Petitioner's motion should be construed as a motion for default judgment. As detailed above, Respondent requested, and was granted, an extension of time to respond to the petition. Respondent's motion to dismiss was timely filed in accordance with the Court's August 24, 2020 order. Therefore, there was no inappropriate delay on the part of Respondent in responding to the petition, and Petitioner is not entitled to the entry of default judgment based on delay. Furthermore, even if Respondent had not timely responded to the petition, the failure to respond to claims raised in a petition for writ of habeas corpus does not entitle the petitioner to a default judgment. Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990).

Even if the Court were to construe Petitioner's motion as a motion for partial summary judgment under Rule 56 of the Federal Rules of Civil Procedure, the motion is moot. Petitioner's motion was filed before the filing of Respondent's motion to dismiss and is predicated on an argument that Respondent had not responded to the petition.

Respondent has since responded to the petition, which renders Petitioner's motion moot. Even if the motion was not moot, motions for summary judgment are generally inappropriate in federal habeas proceedings. Johnson v. Seibel, Case No. EDCV 15-277 CBM (AFM), 2015 WL 9664958, at *1 n.2 (C.D. Cal. Aug. 4, 2015), adopted, 2016 WL 94243 (C.D. Cal. Jan. 7, 2016); see also Mulder v. Baker, No. 3:09-CV-00610-PMP, 2014 WL 4417748, at *2 (D. Nev. Sept. 8, 2014) ("[W]hatever beneficial role summary judgment may have played in habeas proceedings prior to AEDPA is now virtually non-existent."); Gussner v. Gonzalez, No. 12-CV-01876-LHK, 2013 WL 458250, at *5 (N.D. Cal. Feb. 5, 2013) (denying summary judgment as inappropriate due to the "poor fit between [Rule 56] and the rules and statutes governing federal court review of a state court conviction").

Finally, Judge Curiel has already found that Respondent has not waived any defenses or arguments in his response to the Petition. The Court may, therefore, as it has above, appropriately consider the arguments set forth in Respondent's Motion to Dismiss.

For these reasons, the Court recommends that Petitioner's Motion for Partial Summary Judgment be **DENIED**.

### IV.   CONCLUSION

Based on the foregoing, the Court recommends that Respondent's Motion to Dismiss be **GRANTED**, Petitioner's Motion for Partial Summary Judgment be **DENIED**, and the Petition be **DISMISSED WITH PREJUDICE**.

This Report and Recommendation will be submitted to the Honorable Gonzalo P. Curiel, United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Any party may file written objections with the Court and serve a copy on all parties on or before January 26, 2021.  The document should be captioned "Objections to Report and Recommendation."  Any reply to the objections shall be served and filed on or before February 9, 2021.  The parties are advised that failure to file
///

20cv0847-GPC(RBB)

1 objections within the specified time may waive the right to appeal the district court's
2 order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 Dated:  January 4, 2021

_____
Hon. Ruben B. Brooks
United States Magistrate Judge