UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. MENDOZA,<br><br>         Petitioner,<br><br>v.<br><br>M. POLLARD, Warden,<br><br>         Respondent. | Case No.: 20cv0847-GPC(RBB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION GRANTING MOTION TO DISMISS PETITION AND DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**[ECF Nos. 12, 16.]** |

Petitioner Roberto Angel Mendoza ("Petitioner"), a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus and First Amended Petition for Writ of Habeas Corpus (collectively "Petition") pursuant to 28 U.S.C. § 2254 on May 1, 2020 and July 18, 2020[1], respectively. (ECF Nos. 1, 25.) Petitioner also filed a motion for partial summary judgment. (ECF No. 12.) Respondent Marcus Pollard, the Warden, ("Respondent") filed a motion to dismiss the Petition, (ECF No. 16), and an opposition to

---

[1] The Court applies the mailbox rule to Petitioner's filings. *See Houston v. Lack*, 487 U.S. 266, 270–71 (1988) (holding that a pro se prisoner's court documents are deemed "filed" at the moment of delivery to prison officials for forwarding to the district court because the prisoner is unable to control the time of receipt by the court).
.

1

Petitioner's motion for partial summary judgment. (ECF No. 18.) Petitioner filed an opposition to Respondent's motion to dismiss. (ECF No. 26.) Magistrate Judge Ruben B. Brooks issued a Report and Recommendation ("Report") recommending the Court grant Respondent's motion to dismiss and deny Petitioner's motion for partial summary judgment. (ECF No. 28.) Petitioner filed an objection to the Magistrate Judge's Report. (ECF No. 34.) After a thorough review of the issues and for the reasons set forth below, this Court **ADOPTS** the Magistrate Judge's Report and **GRANTS** Respondent's motion to dismiss and **DENIES** Petitioner's motion for partial summary judgment.

## I. Factual Background

On January 20, 2016, a jury found Petitioner guilty of two counts of oral copulation with a child ten years old or younger in violation of California Penal Code ("Penal Code") section 288.7(b), two counts of sexual penetration with a child ten years old or younger in violation of Penal Code section 288.7(b), and nine counts of lewd acts upon a child in violation of Penal Code section 288(a), six of which included special allegations of substantial sexual conduct with a child under fourteen years of age under Penal Code section 1203.066(a)(8). (ECF No. 17-1, Lodgment No. 1 at 187–99.[2]) The trial court sentenced Petitioner to thirty years to life in state prison. (*Id.* at 201.)

## II. Procedural Background

### A. Direct Appeal

On March 29, 2016, Petitioner appealed his conviction to the California Court of Appeal. (*Id.* at 153.) On February 28, 2017, the California Court of Appeal remanded the matter to the trial court with direction to correct or amend the abstract of judgment but affirmed the judgment in all other respects. (ECF No. 17-2, Lodgment No. 2 at 16–17.) On March 28, 2017, Petitioner filed a petition for review with the California Supreme Court. (ECF No. 17-3, Lodgment No. 3.) On May 10, 2017, the Supreme Court of California denied the petition for review without comment. (ECF No. 17-4,

---

[2] Page numbers are based on the CM/ECF pagination.

Lodgment No. 4.)

**B. State Habeas Corpus Proceedings**

On July 12, 2019,[3] Petitioner filed a petition for writ of habeas corpus with the San Diego Superior Court. (ECF No. 17-5, Lodgment No. 5.) Three days later, on July 15, 2019, Petitioner filed an identical habeas petition containing the same case number but did not include the additional "memorandum in support of petition for habeas corpus" that accompanied the first petition. (ECF No. 17-6, Lodgment No. 6; see also ECF No. 17-8, Lodgment No. 8 at 3.) On August 15, 2019, Petitioner again filed an identical habeas petition which was not assigned a case number. (ECF No. 17-7, Lodgment No. 7.) The San Diego County Superior Court denied the three petitions and all related filings on August 20, 2019. (ECF No. 17-8, Lodgment No. 8.)

On or around September 29, 2019, Petitioner filed a habeas petition in the California Court of Appeal. (ECF No. 17-9, Lodgment No. 9 at 23.) On October 8, 2019, the California Court of Appeal denied this petition as untimely and for other procedural reasons. (ECF No. 17-10, Lodgment No. 10.) On October 30, 2019, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court. (ECF No. 17-11, Lodgment No. 11.) The California Supreme Court denied the petition without comment on April 1, 2020. (ECF No. 17-12, Lodgment No. 12.)

The instant Petition was filed in this Court on May 1, 2020. (ECF No. 1.) On September 2, 2020 Petitioner filed the instant motion for partial summary judgment as to the claims set forth in ground two of his Petition. (ECF No. 12.) On September 21, 2020, Respondent filed both a motion to dismiss the Petition as untimely, and an opposition to Petitioner's motion for partial summary judgment. (ECF Nos. 16, 18.) On September 22, 2020, the Court received Petitioner's motion for leave to file a First

---

[3] In a letter to the Superior Court dated June 30, 2019, Petitioner requested a ruling pursuant to California Rules of the Court 4.551(3), asserting that Petitioner had submitted a habeas petition on April 14, 2019, and it had been beyond the 60 days required for the court to respond. (ECF No. 17-6, Lodgment No. 6 at 1.) The Court does not have any record of the Superior Court receiving a habeas petition prior to the petition filed on July 12, 2019.

Amended Petition. (ECF No. 20.) On October 7, 2020, Respondent filed a non-opposition to the motion and a request to have the motion to dismiss (ECF No. 16) be applied to the First Amended Petition. (ECF No. 23.) On July 18, 2020, Petitioner filed a First Amended Petition asserting the same four grounds for relief as the original Petition. (ECF No. 25 at 56–73.) On October 15, and 21, 2020, Petitioner filed an opposition to Respondent's motion to dismiss and a reply brief in support of his motion for partial summary judgment, respectively. (ECF Nos. 26, 27.)

On January 5, 2021, Magistrate Judge Ruben B. Brooks issued a report and recommendation ("Report"), advising the Court to grant Respondent's motion to dismiss, and to deny Petitioner's motion for partial summary judgment. (ECF No. 28.) On March 18, 2021, Petitioner filed an objection to the Report. (ECF No. 34.)

## III. Standard of Review of Report and Recommendation

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If objections are made, the Court reviews the magistrate judge's findings and recommendations *de novo*. 28 U.S.C. § 636(b)(1)(C); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*). When no objections are filed, the Court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. *Campbell v. United States Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974). The district court need not review *de novo* those portions of a Report to which neither party objects. *Reyna-Tapia*, 328 F.3d at 1121-22. Petitioner filed an Objection on March 22, 2021; however, the Objection does not address any arguments raised in the Report. (ECF No. 34.) Petitioner merely attaches two copies of his habeas petition filed with the California Supreme Court. (*Id.*) Nonetheless, the Court conducts a *de novo* review of the findings and recommendations of the Magistrate Judge.

## IV. Respondent's Motion to Dismiss

### A. Statute of Limitations Under AEDPA

Respondent moves to dismiss the Petition on the ground that it is time-barred

pursuant to the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). (ECF No. 16 at 3–7.) Respondent argues that Petitioner's case became final on August 8, 2017, and contends that, without tolling, the limitations period expired on August 8, 2018. (*Id.* at 3–4 (citing *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).) Asserting that the Petition was signed on May 1, 2020, Respondent reasons that without statutory or equitable tolling, it is untimely. (*Id.* at 4.)

The Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA") imposes a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners. 28 U.S.C. § 2244(d). A petition for writ of habeas corpus may be dismissed with prejudice when it is not filed within AEDPA's one-year statute of limitations. *See Jimenez v. Rice*, 276 F.3d 478, 483 (9th Cir. 2001). The statute of limitations is a threshold issue that must be resolved before the merits of individual claims. *White v. Klitzkie*, 281 F.3d 920, 921–22 (9th Cir. 2002).

The limitations period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D). Respondent alleges that the Petition is barred based on 28 U.S.C. § 2244(d)(2)(A), the date on which the judgment of conviction becomes final by the conclusion of direct review. When a habeas petitioner seeks direct review by the state's highest court but does not file a petition with the United States Supreme Court, the judgment becomes final when the prisoner's time to petition the Supreme Court expires. *Bowen v. Roe*, 188 F.3d 1157, 1158–59 (9th Cir. 1999). According to United States

Supreme Court Rule 13, a petition for writ of certiorari must be filed within ninety days of the entry of an order denying discretionary review by the state supreme court. Sup. Ct. R. 13.

Here, the California Supreme Court denied his petition for review on May 10, 2017. (ECF No. 17-4, Lodgment No. 4.) Petitioner did not file a petition for writ of certiorari with the United States Supreme Court. Therefore, Petitioner's judgment became final for the purposes of AEDPA on August 8, 2017, ninety days after the California Supreme Court denied his petition for review. Pursuant to § 2244(d), the statute of limitations for federal habeas corpus relief began to run on August 9, 2017, the day after the judgment became final. *See* 28 U.S.C. § 2244(d)(1)(A); *Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002) (explaining that the one-year statute of limitations under AEDPA begins to run the day after the conviction becomes final). Therefore, the one-year statute of limitations expired on August 9, 2018.[4] *See Patterson v. Stewart*, 251 F.3d 1243, 1245–46 (9th Cir. 2001) (quoting Fed. R. Civ. P. 6(a)) ("In computing any amount of time prescribed or allowed . . . by any applicable statute, the day of the act, event, or default from which the designated period of time runs shall not be included.").

Petitioner's federal habeas Petition was filed on May 1, 2020, almost two years later. Therefore, unless Petitioner is entitled to statutory or equitable tolling, the Petition is barred by AEDPA's statute of limitations.

**1. Statutory Tolling**

Respondent asserts that Petitioner is not entitled to statutory tolling because at the time Petitioner commenced his collateral challenges to the judgment in state courts, the statute of limitations for filing a federal petition had already expired. (ECF No. 16 at 4.) Accordingly, Respondent argues that once the federal limitations period has expired, the filing of a state petition cannot revive it. (*Id.*) Petitioner contends his case is analogous

---

[4] The Magistrate Judge's Report incorrectly found that the one-year statute of limitations would have expired after one year on August 8, 2018. (ECF No. 28 at 6.)

to *Robinson v. Lewis*, 9 Cal. 5th 883 (2020), and he falls within a "safe harbor" period subject to statutory tolling. (ECF No. 26 at 5–6.)

The statute of limitations under AEDPA is tolled during periods in which a "properly filed" habeas corpus petition is "pending" in the state courts. 28 U.S.C. § 2244(d)(2). The statute specifically provides, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.*; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (explaining that typical filing requirements include all relevant time limits).

The interval between the disposition of one state petition and the filing of another may be tolled under "interval tolling." *Carey v. Saffold*, 536 U.S. 214, 223 (2002). The statute of limitations is tolled from the time a petitioner's first state habeas petition is filed until state collateral review is concluded, but it is not tolled before the first state collateral challenge is filed. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007) (citing *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999)). A petitioner is not entitled to statutory tolling where he initiates state habeas proceedings after the expiration of the federal one-year limitations period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that "section 2244(d) does not permit the reinitation of the limitations period that has ended before the state petition was filed."); *Jimenez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (filing a state habeas petition after AEDPA's one year limitations period has elapsed is an "absolute time bar" to federal habeas review).

As stated above, the one-year limitations period within which Petitioner could challenge his conviction in federal court began to run on August 9, 2017, and consequently expired on August 9, 2018. Petitioner's state court petition for a writ of habeas corpus was filed in San Diego County Superior Court on July 12, 2019; 337 days

after the statute of limitations had expired. (ECF No. 17-5, Lodgment No. 5.) Because Petitioner failed to initiate state habeas proceedings before the statute of limitations had expired, statutory tolling is not proper here. *See Ferguson*, 321 F.3d at 823.

Petitioner argues that he is nevertheless entitled to statutory tolling by citing and relying on *Robinson v. Lewis*, 9 Cal. 5th 883 (2020). (ECF No. 26 at 3-7.) As discussed in the Report, the court in *Robinson* analyzed gap tolling between a petitioner's delay in filing between a lower court's denial of a habeas petition and the filing of a petition in a higher court. *Robinson*, 9 Cal. 5th at 891. However, in Petitioner's case, the statute of limitations had already run before he filed his first state habeas petition. The 337 days between the date Petitioner's conviction became final and the time his first state petition was filed is not subject to tolling because there is no case "pending" during that time. *See Nino*, 183 F.3d at 1006. Petitioner's reliance on *Trigueros v. Adams,* 658 F.3d 983 (9th Cir. 2011) is similarly misplaced. (ECF No. 26 at 7-8.) In *Trigueros*, the petitioner filed his first state habeas petition before the one-year statute of limitations had expired. *Trigueros*, 658 F.3d at 986. It is well established that "once the federal statute of limitations has run, a newly filed state petition does not reset the clock." *Davis v. Johnson*, 359 F. Supp. 3d 831, 862 (N.D. Cal. 2019).

Therefore, because Petitioner's first habeas petition was filed after the expiration of AEDPA's limitations period, he is not entitled to statutory tolling.[5]

### 2. Equitable Tolling

Equitable tolling of the statute of limitations is appropriate when the petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418); *see also Lawrence v. Florida*, 549 U.S. 327, 335 (2007) (same). A petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations

---

[5] Even if Petitioner had filed a petition on April 14, 2019, as he claims, the earlier filing would still have been filed 248 days *after* the AEDPA one-year limitations period had run on August 9, 2018.

8

20cv0847-GPC(RBB)

where "'extraordinary circumstances beyond a prisoner's control made it impossible'" to file a timely petition. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (quoting *Brambles v. Duncan*, 330 F.3d 1197, 1202 (9th Cir. 2003)).

"'[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (alteration in original) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The failure to file a timely petition must be the result of external forces, not the result of the petitioner's lack of diligence. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). "Determining whether equitable tolling is warranted is a 'fact-specific inquiry.'" *Spitsyn*, 345 F.3d at 799 (quoting *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001).

Petitioner contends equitable tolling is warranted in this case for a period of eight months from the date the statute of limitations expired on August 9, 2018 until the date he filed his first state habeas petition on April 14, 2019.[6] (ECF No. 25 at 45-46.) Namely, Petitioner asserts (1) his fear that his sex offender status would be discovered, (2) the lack of a law library in his prison yard, (3) and the inability to obtain legal assistance constitute "extraordinary circumstances" that prevented him from filing a timely petition. (ECF No. 25 at 40–41, 43.) Respondent asserts Petitioner is not entitled to equitable tolling because his conclusory and unsupported allegations are insufficient to meet his burden that he was reasonably diligent, and some "extraordinary circumstance" stood in his way. (ECF No. 16 at 5.)

### a. Reasonable diligence

In order for a petitioner to show that he is entitled to equitable tolling, he must use "reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653. "To determine if a petitioner has been diligent in pursuing his petition, courts consider the

---

[6] The Court considers Petitioner's argument even though his state habeas petition was not filed until July 12, 2019. (ECF No. 17-5, Lodgment No. 5.)

petitioner's overall level of care and caution in light of his or her particular circumstances." *Doe v. Busby*, 661 F.3d 1001, 1013 (9th Cir. 2011). The Ninth Circuit has held that "diligence during the existence of an extraordinary circumstance is the key consideration." *Gibbs v. Legrand*, 767 F.3d 879, 892 (9th Cir. 2014).

Petitioner argues his fear that his sex offender status would be discovered, the lack of a law library in his prison yard, and his inability to obtain legal assistance constitute "extraordinary circumstances" that prevented him from filing a timely federal habeas petition. However, Petitioner has not demonstrated he was reasonably diligent in pursuing his Petition during, before, or after the existence of these alleged "extraordinary circumstances." In fact, Petitioner admits his appointed appellate counsel informed him after his direct appeals had been exhausted in May 2017 that his federal habeas petition must be filed no later than August 8, 2018, and Petitioner subsequently requested that all of his legal files be sent to his family rather than to him in order to hide the fact he was convicted as a sex offender. (ECF No. 1 at 40; ECF No. 25 at 40.) It was not until he consulted with a jailhouse lawyer around March 15, 2019 concerning a bankruptcy matter did he begin to make efforts to seek collateral review. (ECF No. 1 at 40; ECF No. 25 at 43.) He fails to explain any diligence in seeking collateral review from May 2017 until August 9, 2018 when the one-year statute of limitations ran.

As illustrated in the Report, the petitioner in *Zavala v. Diaz* similarly failed to pursue his case "because of the nature of his convictions." *Zavala v. Diaz*, No. SA CV 12-1002-DSF, 2013 WL 440638, at *3 (C.D. Cal. Jan. 25, 2013) report and recommendation adopted, No. SA CV 12-1002-DSF, 2013 WL 440706 (C.D. Cal. Feb. 5, 2013). In that case, the court held that the petitioner's fear that he might be assaulted, and in turn his failure to pursue his case "was not the result of external forces beyond his control but, rather, the result of his decision not to discuss his case with other prisoners." *Id*. "The bottom line is that Petitioner's decision to remain silent about his case . . . demonstrates a lack of diligence and precludes a finding of diligence." *Id*. Similarly, in this case, Petitioner's failure to diligently pursue federal habeas relief was due to his

decision to hide the nature of his conviction and not from any external forces. Petitioner has not demonstrated that he pursued his rights diligently.

### b. Extraordinary circumstances

First, the Court agrees with the conclusion in the Report, and finds Mendoza's status as a sex offender, and in turn his fear of other prisoners due to that status, is not an "extraordinary circumstance" that justifies equitable tolling. *See Kelley v. Lizarraga*, No. 2:17-CV-1401 MCE KJN P, 2018 WL 1693384, at *5–6 (E.D. Cal. Apr. 6, 2018) (concluding that "the nature of petitioner's underlying conviction [of sex offenses] does not constitute an extraordinary circumstance warranting the application of equitable tolling."); *Martinez v. Sullivan*, No. CV 16-09128-ODW JDE 2017 WL 4220434, at *5 (C.D. Cal. Aug. 11, 2017) ("Petitioner's difficulty in researching his claims and obtaining assistance due to his sex offender status do not constitute extraordinary circumstances beyond his control."); *Samperio v. Martel*, No. 1:10-CV-01528 LJO, 2011 WL 847412, at *3 (E.D. Cal. Mar. 4, 2011) (concluding petitioner's status as a sex offender, and his fear of danger was not an "extraordinary circumstance" to justify equitable tolling. "Also, it is Petitioner's own actions, not some external circumstance, that caused him to have this status.")

Next, Petitioner contends that his lack of access to a law library in his prison yard was an "extraordinary circumstance" preventing him from timely filing his Petition. Again, this Court agrees with the Report that Petitioner's argument is without merit. Petitioner merely asserts that there was no law library in his prison yard for him to use, or no information on how to find one. (ECF No. 25 at 40-41; ECF No. 26 at 11.) However, "petitioner's claim that he is entitled to equitable tolling because he had limited law library access, without supporting evidence and proof that limited access caused him to tardily file [his federal habeas petition], is insufficient to meet his burden." *Williams v. Dexter*, 649 F. Supp. 2d 1055, 1062 (C.D. Cal. 2009). Even though Yard B may not have a law library, Petitioner has not given any specific instances of him attempting to access the law library in the other yards, or even being denied access to the other yard's law

library, and thus the Court cannot conclude that his alleged restriction to the law library was the cause of his untimely filed petition. *See Xayasomloth v. Cate*, No. 08CV260 BEN(AJB), 2009 WL 514286, at *8 (S.D. Cal. Feb. 27, 2009) (concluding that prison lockdowns and library access restrictions do not constitute extraordinary circumstances sufficient to equitably toll the AEDPA statute of limitations.); *cf.*, *Sossa v. Diaz*, 729 F.3d 1225, 1236 (9th Cir. 2013) (Petitioner sufficiently alleged that prison authorities made it impossible for him to file his habeas petition timely because he had filed a grievance asking for a rule change for library access due to his work schedule which was denied, even though he applied for "priority legal user", he was never called to the library, and despite access to the library two days before his petition was due, he haphazardly threw his papers together but when he received his copies, pages were missing). In this case, Petitioner fails to even allege he attempted to access the law library.

Similarly, Petitioner's inability to obtain legal assistance also does not constitute an "extraordinary circumstance." Courts have long held that ignorance of the law or a lack of legal sophistication is not an extraordinary circumstance to warrant equitable tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance"); *Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) (noting that the equitable tolling "standard has never been satisfied by a petitioner's confusion or ignorance of the law alone"); *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 n.4 (9th Cir. 2009) ("[A] pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling."). Here, Petitioner has not demonstrated extraordinary circumstances to justify equitable tolling.

Based on the above, Petitioner has not demonstrated that he is entitled to equitable tolling of the one-year statute of limitations under Section 2244(d)(1) that would render the filing of his Petition timely. Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and **GRANTS** Respondent's motion to dismiss because the Petition is untimely.

///

## B. Certificate of Appealability

Under Rule 11 of the Federal Rules Governing section 2254 cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court may not issue a certificate of appealability unless Petitioner makes a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(1)(B)(2). To prove a substantial showing of denial of a constitutional right, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Here, Petitioner does not make a substantial showing of the denial of a constitutional right, and it is unlikely that reasonable jurists would find this Court's assessment debatable or wrong. Therefore, the Court **DENIES** a Certificate of Appealability.

## V. Petitioner's Motion for Partial Summary Judgment

Petitioner filed a motion for partial summary judgment on ground two (b), (c), and (d) of his Petition. (ECF No. 12.) Petitioner asserts that he seeks partial summary judgment because "there is no genuine dispute as to any material fact," reasoning "when respondents' refuse to answer or otherwise respond to the Petition as Ordered by the Court, there are no disputed material issues of fact or otherwise." (*Id.* at 8–9.) Accordingly, Petitioner submits "that Respondents' have waived or forfeited all of the procedural defenses suggested to it by this Court in its Order Requiring Response to Petition of May 19, 2020." (*Id.* at 9 (citing ECF No. 3.) Respondent argues that Petitioner's motion is more accurately characterized as an application for a default judgment, as the motion is entirely premised on Respondent's failure to timely file an answer or motion to dismiss. (ECF No. 18 at 2.) In turn, Respondent contends Petitioner's motion should be denied because (1) default judgments are unavailable in

federal habeas corpus matters, (2) Respondent is not in default because the Court modified the original scheduling order, (3) Respondent has sufficiently contested the case, and (4) summary judgment should be unavailable as a procedural vehicle in this case. (*Id.*)

### A. Background

On May 19, 2020, Magistrate Judge Ruben B. Brooks issued an order requiring Respondent to file a response to the Petition on or before August 3, 2020. (ECF No. 3.) Respondent failed to file an answer or motion to dismiss within the time prescribed. On August 10, 2020, Petitioner filed a motion to strike any late response from Respondent. (ECF No. 7.) On August 20, 2020, Respondent filed motion for leave to file a late response, providing that the Federal Habeas Corpus Team never received the order due to a mishandling of the Court's order. (ECF No. 9.) On August 24, 2020, the Magistrate Judge issued an order (1) granting Respondent's motion for leave to file a late response for good cause, and (2) denying Petitioner's motion to strike. (ECF No. 10.) The order directed Respondent to file a motion to dismiss or an answer to the Petition by no later than September 21, 2020. (*Id.* at 2.) Petitioner filed the instant motion for partial summary judgment (ECF No. 12), and an objection to the Magistrate Judge's order granting an extension of time (ECF No. 15). On September 21, 2020, within the time prescribed by Court, Respondent filed the instant motion to dismiss (ECF No. 16), and its response in opposition to Petitioner's motion for partial summary judgment (ECF No. 18). On September 23, 2020, this Court overruled Petitioner's objection to the Magistrate Judge's order, finding Respondent had not waived defenses or arguments to respond to the Petition by seeking leave of court to file a late response, and had demonstrated excusable neglect for its delayed filing. (ECF No. 22 at 3.)

### B. Discussion

Petitioner bases his motion for partial summary judgment on Respondent's failure to timely respond within the time prescribed in this Court's order, arguing Respondent has waived or forfeited all procedural defenses. (ECF No. 12 at 8–9.) This Court agrees

14

with the Report that Petitioner's motion should be interpreted as a motion for default judgment.

Entering a default is not appropriate here. As set forth above, Respondent filed a motion for leave to file a late response and the Magistrate Judge exercised his discretion and granted Respondent an extension of time to respond to the Petition. (ECF Nos. 9, 10.) Respondent then timely filed its motion to dismiss in accordance with the Magistrate Judge's extended timeline. (ECF No. 16.) Accordingly, Respondent did not violate the Court's order to respond. Even if Respondent failed to respond within the timeframe allocated, "[t]he failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to default judgment." *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990).

To the extent Petitioner moves for partial summary judgment, this Court agrees with the Magistrate Judge's finding that the motion is moot. (ECF No. 28 at 15.) Petitioner's motion for partial summary judgment was filed September 2, 2020, and the motion is premised on Respondent's failure to respond to the Petition. (ECF No. 12.) The argument is now moot, as Respondent has since filed its motion to dismiss in response to the Petition. (ECF No. 16.) And even if the motion were not moot, summary judgment is not an appropriate vehicle here. "This is because, generally, '[m]otions for summary judgment are inappropriate in federal habeas proceedings.'" *Atkins v. Montgomery*, No. 2:18-CV-06877-DOC-MAA, 2019 WL 10068937, at *1 (C.D. Cal. June 24, 2019) (*citing Johnson v. Seibel*, No. EDCV 15-277 CBM (AFM), 2015 WL 9664958, at *1 n.2 (C.D. Cal. Aug. 4, 2015), *adopted*, 2016 WL 94243 (C.D. Cal. Jan. 7, 2016)). "Federal Rule of Civil Procedure 56, which requires a court to draw all factual inferences in the nonmovant's favor . . . is apparently inconsistent and incompatible with 28 U.S.C. § 2254(e)(1), which states that 'a determination of a factual issue made by a State court shall be presumed to be correct.'" *Id*. at * 2. "'A court cannot simultaneously assess all facts in the record in the light most favorable to the nonmovant and accept as true the state court's factual findings based on that same record.'" *Id*. (*citing Gussner v.*

*Gonzalez*, No. 12-CV-01876-LHK, 2013 WL 458250, at *2 (N.D. Cal. Feb. 5, 2013)).

Accordingly, the Court **DENIES** Petitioner's motion for partial summary judgment.

## Conclusion

For the reasons set forth above, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, **GRANTS** Respondent's motion to dismiss, **DENIES** Petitioner's motion for partial summary judgment and **DISMISSES** the Petition with prejudice. The Court also **DENIES** a certificate of appealability. The Clerk of the Court shall close the case.

IT IS SO ORDERED.

Dated: June 24, 2021

Hon. Gonzalo P. Curiel
United States District Judge