UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. MENDOZA,<br><br>    Petitioner,<br><br>MARCUS POLLARD, Warden,<br><br>    Respondent. | Case No.: 3:20-cv-0847-GPC-RBB<br><br>**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION**<br><br>**[DKT. NO. 37.]** |

Before the Court is Plaintiff's motion for reconsideration of the Court's order adopting report and recommendation ("Report") and granting Respondent's motion to dismiss petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 as untimely under Federal Rule of Civil Procedure 59(e). (Dkt. No. 37.) In its order, the Court found that the petition was barred by AEDPA's[1] one-year statute of limitations and Petitioner was not entitled to statutory tolling because the limitations period expired before statutory tolling could apply to his state habeas petitions and he had not demonstrated equitable tolling. (*Id.*)

### Discussion

Federal Rule of Civil Procedure ("Rule") 59(e) provides that a "motion to alter or

---

[1] Anti-Terrorism and Effective Death Penalty Act.

amend judgment must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). A district court does not commit clear error when the question before it is a debatable one. *See McDowell v. Calderon*, 197 F.3d 1253, 1255-56 (9th Cir. 1999) (district court did not abuse its discretion in denying reconsideration where question whether it could enter protective order in habeas action limiting Attorney General's use of documents from trial counsel's file was debatable).

As a threshold issue, Petitioner argues that the Court should reconsider its findings and conclusion because it did not consider his timely filed objections. (Dkt. No. 37 at 4 ("In its Order Adopting, this Court submits that Petitioner's Objection received on March 22, 2021 [ECF # 34], was not received by it [ECF # 35 at 4 ("Petitioner filed an objection on March 22, 2021; however, the Objection does not address any arguments raised in the Report"].).) Petitioner misunderstands the Court's order. In its order, the Court acknowledged the filing of Petitioner's objection on March 23, 2021 but noted that Petitioner had not challenged any issues ruled against him in the Report. (Dkt. No. 35 at 4.) Therefore, the Court did not consider the objections he filed as they were not relevant to the issues before it. Despite Petitioner's failure to address relevant arguments in the objection, the Court, nonetheless, conducted a *de novo* review of the Report. (*Id.*)

In the instant motion, Petitioner attaches the objections he claims he allegedly sent to the Court in March 2021. (Dkt. No. 37, App'x 2 at 17-47.) However, the objection attached to this motion is different in content than the objection filed on March 23, 2021. (Dkt. No. 34.) Despite this late objection, the Court will now consider these objections to the Report. (*See* Dkt. No. 37 at 17-47.)

First, Petitioner argues that the Report stated that Petitioner failed to set forth any facts or argument that any exceptions under the statute of limitations provision of §

2

3:20-cv-0847-GPC-RBB

2244(d)(1)(B)-(D)[2] apply was incorrect because in his first amended petition ("FAP"), he argued that the court should find cause to excuse any default because he was deprived of the opportunity to raise his ineffective assistance of counsel claim in state habeas court because it was summarily denied relying on *Martinez v. Ryan*, 566 U.S. 1 (2012). (Dkt. No. 37 at 20-21; 24-27.)

      Petitioner's reliance on *Martinez* in his FAP and his objection to excuse his untimeliness is without merit. (Dkt. No. 37 at 20.) *Martinez* dealt with establishing cause for a state's procedural default and did not create an exception to the AEDPA statute of limitations. *See Hamilton v. Ryan*, No. CV–14–8117–PCT–GMS, 2015 WL 4685314, at *2 (D. Az. Aug. 6, 2015) ("*Martinez* does not address or create an exception to the AEDPA statute of limitations."); *see also Chavez v. Sec'y, Fla. Dep't Corr.*, 742 F.3d 940, 945 (11th Cir. 2014) ("Chavez's initial § 2254 petition was dismissed as untimely because it was filed more than one year after his convictions became final on direct review, *see* 28 U.S.C. § 2244(d)(1)(A), and nothing in *Martinez* alters that fact."); *Manning v. Epps*, 688 F.3d 177, 189 (5th Cir. 2012) (*Martinez* does not extend statute of limitations period under 28 U.S.C. § 2244(d)(1)(B). Therefore, Petitioner's argument that the Report incorrectly stated that he did not rely on § 2244(d)(1)(B)-(D) is not supported.

      Petitioner next argues that his claims fall under § 2244(d)(1)(C) or (D) and relies

---

[2] The limitations period runs from the latest of:
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1)(A)–(D).

on *Sessions v. Dimaya*, 584 U.S. 1204 (2018) and *United States v. Davis*, 588 U.S. 2319 (2019), where the United States Supreme Court held that the residual clauses in two federal statutes were void for vagueness. (Dkt. No. 37 at 20-21.) He contends that the same ruling should apply to California Penal Code sections 288(a) and 288.7(b). (Dkt. No. 37 at 21.) However, Petitioner provides no legal authority that the holdings in *Dimaya* and *Davis* apply to these sections of the California Penal Code. Therefore, Petitioner's argument is without merit and also does not support the argument that his FAP is timely.

Petitioner also objects to the Magistrate Judge granting Respondent's request for leave to file a late response. (Dkt. No. 37 at 21-22.) He argues that the Magistrate Judge ruled on Respondent's request without allowing Petitioner to file a response. (*Id.*) On August 20, 2020, Respondent filed a motion for leave to file a late response explaining that its Docketing Unit staff erroneously logged the scheduling order and it was never assigned to the appropriate department. (Dkt. Nos. 8, 9.) Without requiring a response, on August 24, 2020, the Magistrate Judge issued an order granting Respondent's motion for leave to file a late response for good cause and denying Petitioner's motion to strike. (Dkt. No. 10.) On September 3, 2020, Petitioner filed an Objection to the Magistrate Judge's order. (Dkt. No. 15.) On September 23, 2020, the Court overruled Petitioner's Objection and found that Respondent demonstrated excusable neglect for its delayed filing due to a clerical error, noted that Petitioner had not claimed prejudice due to the late filing in his motion to strike and the delay was not long. (Dkt. No. 22 at 2-3.) Petitioner's argument that the Magistrate Judge erred in not giving him an opportunity to respond to Respondent's request does not justify relief under Rule 59(e). Even if he had been given the opportunity to respond, the Court's ruling would not have changed because Rule 6 is to be liberally construed to "effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010).

Next, he contends that the Magistrate Judge improperly found that he initially filed

his habeas petition in state court on July 12, 2019 instead of April 14, 2019 the day when he handed his petition to prison authorities. (Dkt. No. 37 at 23-24.) The Report noted that there is no record demonstrating that Petitioner filed his state habeas petition on April 14, 2019. (Dkt. No. 28 at 8 n.6.) Nonetheless, even if Petitioner's assertion is true that Petitioner filed his state habeas petition on April 14, 2019, it would not have changed the ultimate conclusion that the statute of limitations had already run on August 9, 2018 and he was not entitled to statutory tolling. (*Id.*)

Petitioner then challenges the Magistrate Judge's ruling that he had not demonstrated due diligence under 28 U.S.C. § 2244(d)(1)(D). (Dkt. No. 37 at 27-29.) First, he generally argues that the state of limitations runs from the latest of when he knew or reasonably should have known of the information offered in support of his claims. (*Id.* at 29.) Then he claims that his paralegal assistant did not discover the facts of his case until late March 2019. (*Id.*) However, the question is not when his paralegal assistant discovered the fact of his claims but when the factual predicate of Petitioner's claims could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). The Report already addressed this issue and found that Petitioner did not initiate collateral review until he consulted with a jailhouse lawyer in March 2019 about an unrelated bankruptcy petition and when Petitioner revealed his conviction history, the jail house lawyer offered to help him with his collateral petitions. (Dkt. No. 28 at 10-12.) These facts do not support an exception to the statute of limitations under § 2244(d)(1)(D).

Next, Petitioner objects to the Report's conclusion that he is not entitled to equitable tolling. (Dkt. No. 37 at 38-47.) When he was transferred to Richard J. Donovan Correctional Facility ("RJD") in May 2018, he knew[3] he had about four months

---

[3] Petitioner acknowledged that he learned in May 2017 from his state appointed appellate counsel that his federal habeas petition would need to be filed by August 8, 2018. (Dkt. No. 25, FAC at 40.) Petitioner does not explain his due diligence in the period before he was transferred to RJD.

left before the one-year statute of limitations expired under § 2244(d)(1)(A). (Dkt. No. 37 at 40.) He was placed in B Yard where the library facility had been removed months before. (*Id.* at 40-41.) Because he was a child sex offender with an "R" suffix, he was in fear of being discovered and attacked by other inmates. (*Id.* at 41.) Therefore, he discreetly searched for someone to assist him while on B Yard and finally found someone seven months later. (*Id.*) His new assistant was able to file a state habeas petition within one month of receiving his state court records on April 14, 2019. (*Id.*) Therefore, he claims he was diligent. However, the Report and the Court noted that Petitioner's fear that he might be assaulted was not an external force beyond his control, but a decision made by him which demonstrates a lack of diligence. (Dkt. No. 28 at 11-12; Dkt. No. 35 at 10.)

Moreover, Petitioner argues that his lack of access to a law library, inability to own a computer and inability to access legal research sites were extraordinary circumstances entitling him to equitable tolling. (Dkt. No. 37 at 27-28, 42-44.) Again, the Report and the Court agreed that a mere claim that he did not have access to a law library in his prison yard was not an "extraordinary circumstance" preventing him from timely filing his petition. (Dkt. No. 28 at 13; Dkt. No. 35 at 11.)

Petitioner relies on *Sossa v. Diaz*, 720 F.3d 1225, 1235 (9th Cir. 2013) to support his position but in that case, because the petitioner was unable to access the library and other resources, he filed a grievance form complaining of his limited access and applied for "priority legal user" status. *Id.* at 1236. Because the prison had lost his paperwork for "priority legal user", he was only allowed access to the library two days before his petition was due. *Id*. The Ninth Circuit reversed and remanded to the district court to hold an evidentiary hearing to determine whether he was entitled to equitable tolling based on these allegations. *Id.* at 1237. In contrast to the petitioner's diligence and the alleged impossible condition caused by the prison in *Sossa*, here, the Court, in adopting the Report, explained that "[e]ven though Yard B may not have a law library, Petitioner has not given any specific instances of him attempting to access the law library in the

other yards, or even being denied access to the other yard's law library, and thus the Court cannot conclude that his alleged restriction to the law library was the cause of his untimely filed petition." (Dkt. No. 35 at 11-12.) Therefore, Petitioner has not shown he is entitled to equitable tolling.

Petitioner further misunderstands the Magistrate Judge's ruling that statutory tolling does not apply to his petition. (Dkt. No. 37 at 29-32.) Because the statute of limitations already ran on August 8, 2018, any arguments raised concerning his state habeas petitions and their denial based on untimeliness has no bearing in the Court's analysis. For example, he relies on *Trigueros v. Adams*, 658 F.3d 983 (9th Cir. 2011) and *Curiel v. Miller*, 830 F.3d 864 (9th Cir. 2016) to support his argument. (Dkt. No. 37 at 31.) In both cases, the petitioners filed a state habeas petition within one year of the conviction being final and the question was whether they were entitled to statutory tolling under AEDPA. *See Trigueros*, 658 F.3d at 986; *Curiel*, 830 F.3d at 867.

In contrast to *Curiel* and *Trigueros*, here, Plaintiff did not file a state habeas petition within the one-year period but filed it after the period had run. Therefore, statutory tolling does not apply when the AEDPA one-year statue of limitations has already run. *See Ferguson v. Palmateer,* 321 F.3d 820, 823 (9th Cir. 2003) (holding that "section 2244(d) does not permit the re-initiation of the limitations period that has ended before the state petition was filed."); *Jimenez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (filing a state habeas petition after AEDPA's one year limitations period has elapsed is an "absolute time bar" to federal habeas review).

As an aside, Petitioner also questions the authenticity of the court of appeal opinion denying his petition for writ of habeas corpus that was filed on October 8, 2019 as Lodgment No. 10 by Respondent. (Dkt. No. 37 at 32-33 (citing Dkt. No. 17-10, Resp't NOL No. 10).) He argues that it does not appear that the document is a true and correct copy of the court of appeal order because it was not signed by a judge and it was never served on him. (*Id.*) However, because statutory tolling does not apply, it is irrelevant whether the court of appeal decision was a true and correct copy because the

AEDPA time period had already expired on August 9, 2018.

Finally, Petitioner disagrees with the Magistrate Judge's conversion of his partial summary judgment motion to a motion for default judgment but does not present legal authority to the contrary. (Dkt. No. 37 at 37-38.) Because the summary judgment motion was based on Respondent's alleged failure to respond to the Petition and not on the merits of the case, converting Petitioner's motion to a motion for default judgment was appropriate. Moreover, because the Court granted Respondent leave to file a late response, the arguments in Petitioner's motion became moot. (*See* Dkt. No. 28 at 15-16.)

In sum, the Court overrules Petitioner's second filed objection to the Report and DENIES the motion for reconsideration.

## Conclusion

Based on the above, the Court DENIES Petitioner's motion for reconsideration under Rule 59(e).

IT IS SO ORDERED.

Dated: October 21, 2021

Hon. Gonzalo P. Curiel
United States District Judge